The defendant, Jorge Leal, was charged in the Kettering Municipal Court with operating a motor vehicle while under the influence of alcohol or drugs. Subsequently, he filed a motion to suppress all evidence seized after his automobile was stopped claiming that his detention was unconstitutional, but such motion was overruled by the trial court.
After the motion was overruled, Mr. Leal entered a plea of no contest to the charge, but he was found guilty, and from the judgment and sentence thereupon entered in the Municipal Court, Leal has filed a notice of appeal to this court.
On July 2, 1997, at approximately 2:20 a.m., Officer Bruce Abrams of the Kettering Police Department was in a parking lot near Cadillac Jack's Bar and Grill when he heard a radio dispatch that a possible drunk driver was operating a pick-up truck in his patrol area. At about the same time, Officer Abrams noticed a van, driven by Leal, pulling out from the bar to go north on Smithville Road. Abrams followed the vehicle and observed that it drifted left and right in the left lane, crowding the sides of the lane markers. Officer Abrams further observed that there was no debris or any other objects in the roadway to necessitate the weaving, and he followed the van as it continued to weave within the lane for about one-half mile. At Tabor Road, Abrams stopped the vehicle, and this detention set in motion the chain of events which ultimately resulted in Leal's arrest and conviction for operating a motor vehicle while under the influence of alcohol.
In this court, the appellant has set forth his only assignment of error as follows:
 THE TRIAL COURT ERRED BY NOT SUPPRESSING ALL EVIDENCE SEIZED SUBSEQUENT TO THE ILLEGAL STOP AND DETENTION OF DEFENDANT THUS VIOLATING DEFENDANT'S CONSTITUTIONAL DUE PROCESS RIGHTS.
Since the case of Terry v. Ohio (1968), 392 U.S. 1, was decided by the Supreme Court of the United States some thirty years ago, a whole parade of Fourth Amendment cases have come this way, and among such cases was State v. Hilleary (May 24, 1989), Miami App. No. 88-CA-5, unreported, which has factual characteristics similar to those of the present case. In theHilleary case, this court commented as follows:
 With respect to the initial traffic stop, less than the probable cause required for a formal arrest was needed. However, the State had to show that the officer making the stop was aware of specific and articulable facts indicating that an individual might be involved in a criminal activity. Terry v. Ohio (1968), 392 U.S. 1. In determining whether a stop is proper, a court must view that stop in light of the totality of the surrounding circumstances. State v. Freeman (1980), 64 Ohio St.2d 291. Thus, the issue before the court is whether Officer Palmer, under the totality of the circumstances, had a reasonable and articulable basis for his investigatory stop of Hilleary.
* * *
 In the case before us, Officer Palmer testified that he observed Hilleary weaving within his own lane over the course of several blocks. The erratic driving alone was a sufficient basis for an articulable and reasonable suspicion, justifying an investigatory stop to determine the reason for the erratic driving, under the holdings in Terry and [Freeman].
Likewise, in the present case, Officer Abrams had observed the van proceeding on a weaving and zigzag course for one-half mile, and he was thus presented with an investigative right, as well as a moral duty, to stop the vehicle to determine the reason for the unusual, dangerous, and erratic driving.
In support of the alleged error, Mr. Leal is apparently suggesting that he had a constitutional right to proceed in the same irregular manner on the same unpredictable course which he had been following for about one-half mile, but in the application of common experience and common sense, such argument is completely devoid of merit. Here, the record shows that the conduct of the arresting officer, Patrolman Abrams, was objectively reasonable and proper under the circumstances, and the judgment of the Kettering Municipal Court will be affirmed.
BROGAN, J., and WOLFF, J., concur
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
John F. Blake Arvin S. Miller Hon. Larry W. Moore